JUL 1 3 2012

BY: ..................

| | | |
|---|---|---|
| BROMBERG LAW OFFICE, P.C. | * | CIRCUIT COURT FOR |
| Plaintiff | * | HARFORD COUNTY, MARYLAND |
| v. | * | |
| MICHAEL CRAIG WORSHAM, et al. | * | Case #: 12-C-121420 |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Michael C. Worsham, and Michael C. Worsham, P.C., movants herein, reply to the Opposition of Plaintiff Bromberg Law Office, P.C. (BLO), in support of their Motion to dismiss the suit for lack of standing of and/or failure to name a necessary party, Brian L. Bromberg.

### Defendants' Answer is not due until the Court Rules on Defendants' Motion

Rule 2-322(b)(3) provides as a permissive defense for a motion to dismiss filed before the answer for failure to join a party under Rule 2-211. Defendants' Motion to Dismiss is such a motion, as it asserts, *inter alia*, that the individual Brian L. Bromberg is a necessary party to this suit. BLO's repeated argument that the Defendants are in default for not filing an answer is inaccurate[1].

Defendants will file an Answer at the appropriate time. Much of BLO's repetitive Opposition attempts to address the merits of its lawsuit or interject hyperbole. Without formerly getting into all of the merits at this time, a few points are mentioned below to inform the Court on the pending Motion.

---

[1] On July 10, 2012 Defendant checked the Court's online docket entries, and saw a June 29, 2012 entry indicating Requests for Default were filed by Plaintiff. Although on June 29, 2012 Plaintiff served an Opposition to Defendants' Motion to Dismiss and a Line regarding the IRS's address was served on Defendants, no Requests for Default were served on or received by Defendants. This violates Rule 1-321, which requires that all documents be served on other parties, unless the party is in default, which is not the case here. A party is not in default until the Court orders so, and all documents must be served on a party until then. BLO failed to do this.

### BLO admits the BLO Interest on Lawyers Trust Account is not properly named

BLO's Opposition admits that the NY lawyers trust account from which it attempted to send a check to Defendants is not properly named under the NY bar rules. This is another reason why Defendants should not accept such a check from Plaintiff. BLO is trying to instruct Defendants on Maryland law, when it could not even comply with the NY bar rules for NY IOLTA accounts.

Plaintiff BLO has not explained why Worsham the individual, his law firm, and the "Internal Revenue Service" are proper Defendants, but Brian Bromberg the individual and his firm BLO are not also both proper Plaintiffs. It is undisputed that BLO has no claim over or right to handle the disputed funds, and Bromberg the individual is who will have to correct the improper naming of the BLO trust account, and directs all activities related to his BLO firm and associated trust account.

### The IRS already has the necessary information about the *Eason* settlement funds

The amount due to Defendants that BLO asserts it must report to the IRS via a Form 1099 has already been reported to the IRS, when the defense counsel for *AFNI* in the *Eason v. AFNI* case paid BLO during the settlement of the *Eason* case. At least Defendants presume that is what occurred, by BLO providing an identification number to the *AFNI* defense counsel, who then filed, or will file, a Form 1099 for the full amount of that settlement paid to BLO. Reporting any portion of this amount <u>again</u>, as BLO insists it must do with the smaller portion of the entire *Eason* settlement which is due to the Defendants, would be double reporting. Defendants are due $71,456.61, including $68,449.41 for attorneys fees earned by Worsham as Plaintiff's class counsel, and $3,007.20 for costs advanced by the Worsham, P.C. in the class action lawsuit *Eason v. AFNI*, Case 08-cv-128-JKS (D. Md.). Plaintiff does not dispute these amounts.

The double reporting that BLO seeks to do would be improper for yet another reason. BLO has actual knowledge that a portion of the settlement money due to Defendants is for costs advanced during the *Eason* litigation by Michael C. Worsham, P.C., and which are not attorney's fees due to

Worsham the individual for his labor. Reporting as income these costs that were advanced, but which will be simply paid back to the Worsham P.C. as part of the settlement, would be inaccurately reporting of income. Defendant Worsham, P.C. is essentially a pass through for these advanced costs, which are not income to either the P.C. or Worsham the individual.

## BLO is overreaching into the conduct of others

BLO is improperly attempting to govern the conduct of others that is completely outside BLO's purview. Beside being required to, <u>nothing</u> stops BLO from simply sending a check for $71,456.61 made out to "Michael Worsham Attorney Trust Account" as Defendants have requested repeatedly of BLO. BLO asserts there is a restriction on what Defendants could do with a check made out this way, after BLO issues it, but that is not BLO's concern, even if BLO's assertions about any restrictions was correct. BLO does not know or control what is done with the check[2].

BLO refers to the requirement for federal agencies like the IRS under the Paperwork Reduction Act requirement (*see* 44 U.S.C. §3512) to include valid OMB control numbers on all information collection requests, like a Form W-2, and to protect citizens from such failures, as 'arcane.' This is inaccurate and demeaning of federal law, and strange coming from BLO, which along with Bromberg the individual, has a practice built on regularly filing lawsuits, including class actions, based on violations of federal law.

BLO has converted the interest that would be accumulating to Defendants, first into its NY IOLTA trust account for several months until BLO filed this suit, and secondly into an account of this Court where Defendants understand the funds belonging to them reside. BLO must answer for this conversion, which it continues by failing to serve an entity (i.e. the IRS) which it asserts is

---

[2] The check made out this way as requested could be endorsed by Worsham, and deposited directly into either the associated IOLTA account he uses for his law practice, or to his business checking account. The latter would address the concern that BLO appears to have, but which again, is not and should not be BLO's concern.

3

necessary to resolve its failures. BLO is not merely some bystander as it appears to believe.

Defendants believe that the IRS was inaccurately named, as the name "Commissioner of Internal Revenue" is used in U.S. Tax Court cases. The IRS has still not been served yet, according to the Court's online docket as of the date of this Reply.

## CONCLUSION

The Complaint should be dismissed for lack of standing and/or alternatively for failure to name necessary party.

Respectfully submitted,

*[signature]*

Michael C. Worsham
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192, Fax: (410) 510-1870
mcw @ worshamlaw.com

## REQUEST FOR HEARING

Defendants request a hearing on the Motion to Dismiss.

## CERTIFICATE OF SERVICE

On July 11, 2012 a copy of this document was served via U.S. mail on: Michael Gregg Morin, Esq., P.O. Box 778, Severn, MD 21144-0778, (410) 551-4330, Fax: (885) 329-6453.

*[signature]*

Michael C. Worsham