| BROMBERG LAW OFFICE, P.C. | * | IN THE CIRCUIT COURT FOR |
| Plaintiff | * | HARFORD COUNTY, MARYLAND |
| v. | * | |
| MICHAEL CRAIG WORSHAM, et al. | * | Case #: 12-C-121420 |
| Defendants | * | |

AUG 1 7 2012

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*   \*   \*

## ANSWER OF MICHAEL C. WORSHAM AND MICHAEL C. WORSHAM, P.C.

Defendants Michael C. Worsham, and Michael C. Worsham, P.C., file this Answer to the Complaint for Interpleader:

1.  Defendants admit that Bromberg Law Office, P.C. (Bromberg) is a NY corporation with a principal office in New York, N.Y. run by Brian Bromberg.

2.  Admitted that Michael C. Worsham is a natural person residing in Forest Hill, MD.

3.  Defendant Michael C. Worsham, P.C. is a Maryland corporation with its principal place of business at 1916 Cosner Road, Forest Hill, MD 21050, but does not officially trade as "Law Office of Michael Craig Worsham."

4.  Admitted that the IRS is a government agency with a Baltimore, MD office.

5.  Denied, including that the IRS or other potential claimants have made a current claim to the funds at issue, as Bromberg admits in part in paragraph 27 of the Complaint that there are no other claimants.

6.  Admitted, except for the inclusion of the name "Law Offices of Michael Craig Worsham" which does not exist.

7.  Admitted that a final Order approving the class action settlement in *Eason v. AFNI* , Case #08-cv-128-JKS was entered on January 25, 2012

8.  Denied as the term 'funds' is unclear, and because funds, generally speaking, went to the class representative, class members, class counsel, and will also go to a cy pres recipient.

9.      Admitted on information and belief that Bromberg distributed all funds other than
        $71,456.61, but denied that expenses were advanced by the attorney, Worsham, personally.

10.     Denied, as reimbursable expenses were not paid by Worsham, but by were paid by an
        account of Michael C. Worsham, P.C.

11.     Denied, as the capitalized term "Funds" is unclear, as is "third person."

12.     Admitted on information and belief that the attorney's fees that have not been distributed
        remain in a trust account created by Bromberg or his P.C.

13.     Defendants lack sufficient information or knowledge of the NY rules as to whether
        Bromberg or his P.C. may keep funds that may be in dispute in a trust account until the
        dispute is resolved.

14.     Denied that Maryland Rules 16-604 and 16-607 prohibit the deposit of funds into an attorney
        trust account that are payment of fees owed an attorney or reimbursement for expenses
        properly advanced on behalf of a client.

15.     Defendants have no experience with N.Y. rules to either admit or deny this allegation.

16.     Denied that the Rules have the 'unambiguous mandate' asserted by Plaintiff.

17.     Denied that Brian Bromberg cannot issue a check to an attorney trust account for fees owed
        the attorney and reimbursement for expenses properly advanced by the attorney or the
        attorneys' firm on behalf of a client.

18.     Admitted on information and belief that there is an IRS regulation that may require a tax
        identification number to be obtained for funds over $600.

19.     Admitted that Brian Bromberg requested that Worsham provide a tax identification number
        by completing an IRS Form W-9.

20.     Admitted that Worsham has not provided a tax identification number by completing an IRS
        Form W-9 for Bromberg, as this form does not have any OMB Control number as required

by the federal Paperwork Reduction Act (PRA), a fact Worsham pointed out to Bromberg more than once, and that without such a valid OMB control number, the Form W-9 is not valid and Worsham can not be required to use it or be penalized for any failure to use the form, pursuant to the PRA's specific public protection provision at 44 U.S.C. § 3512, which was also pointed out to Brian Bromberg prior to his initiating this interpleader action.

21.     Admitted that Worsham provided Brian Bromberg with the tax ID number of the Maryland Legal Services Corporation (MLSC).

22.     Admitted on information and belief that it would be inappropriate for Brian Bromberg to use the MLSC tax identification number to report the payment of $71,456.61 from the *Eason* settlement to Worsham individually or to Worsham's P.C., but Worsham has not requested Bromberg to do this, having asked Bromberg to make this amount of funds payable to Worsham's IOLTA trust account using the MLSC tax identification number.

23.     Admitted as described in paragraph 20 above, and further Defendants point out that when Worsham asked Brian Bromberg whether an IRS form was needed from Worsham, Bromberg himself stated to Worsham that it was not needed, in a January 10, 2012 email to Worsham which is attached herein.

24.     Denied that Bromberg was required to withhold 28% of the funds due to Worsham and to Worsham's P.C., and the underlying assumption of the allegation is also denied.

25.     Admitted that Brian Bromberg issued checks from his P.C.'s IOLA account, and further noted that this NY IOLA account is not properly named under the NY rules for lawyer trust accounts, DR 9-102(B)(2)), as acknowledged by Bromberg in his response to Defendants' Motion to Dismiss, which would make it improper for Defendants to negotiate such a check.

26.     Admitted that Worsham wrote VOID on the Bromberg P.C. IOLA account check, such check not complying the NY Bar rule (DR 9-102(B)(2)) for such IOLA checks as acknowledged

3

by Bromberg in his Response to Defendants' Motion to Dismiss, but denied that Worsham refused any payment to "Michael Worsham Attorney Trust Account" for any amount less than $71,456.61, because Bromberg has never tendered a payment to "Michael Worsham Attorney Trust Account."

27.   Denied as stated in paragraph 5 that the IRS or others have a current claim to the funds at issue right now.

28.   Denied that Bromberg is an impartial stakeholder, as Bromberg filed this suit when he did to avoid a possible suit by Worsham, and as demonstrated by Bromberg's interest in requesting costs and fees from the funds due to Worsham and his P.C.

29.   Denied that Bromberg should be awarded any fees or costs for filing this action, which could have been avoided by Bromberg, either accepting certain identifying information without the Form W-9 that Brian Bromberg requested as is the not uncommon practice during settlements, or else returned the funds to AFNI in the *Eason* case.

30.   Denied that Bromberg can not determine the appropriate distribution of the funds at issue, which can be distributed to either Worsham's IOLTA trust account, or to Worsham's P.C. without a Form W-9, as the IRS has made no immediate or current claim to the funds right now.

31.   Denied as stated in paragraph 30 above that there are any actual current conflicting claims, as the IRS has made no immediate claim to the funds right now.

32.   Admitted that Bromberg is asking the Court to make findings.

33.   Denied that Bromberg should be awarded any costs or fees for this action.

34.   All allegations that are or were not specifically admitted to above, are denied.

## AFFIRMATIVE DEFENSE

1.      Defendants plead *waiver*, and attach herein the January 10, 2012 email from Brian Bromberg to Michael C. Worsham, stating that there was no need for any IRS form.

WHEREFORE having answered the Complaint, Defendants deny that Plaintiff is entitled to the relief sought, although Defendants understand that the first relief sought has been granted by the deposit of the $71,456.61 in funds with the Court, and deny that Bromberg is entitled to any costs or fees, as Bromberg could have distributed the funds via check to either Worsham's IOLTA trust account, or to Worsham's P.C. without a Form W-9, or could have returned the funds to the Defendant AFNI in the *Eason v. AFNI* case and which Worsham suggested, and thus Bromberg did not need to file this Interpleader action, and further, that Worsham and his P.C. have been harmed by loss of interest on the funds and would be further penalized by delay of the funds reaching Worsham and his P.C. or by any award of costs or fees.

Defendants request that the Court disburse the $71,456.61 funds to Defendant Michael C. Worsham, P.C. as soon as possible. A proposed Order to accomplish this is attached.

Respectfully submitted,

*Michael C. Worsham*

Michael C. Worsham, individually and for
Michael C. Worsham, P.C.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192, Fax: (410) 510-1870
mcw @ worshamlaw.com

## CERTIFICATE OF SERVICE

On August 16, 2012 a copy of this document was served via U.S. mail on:

(1) Michael G. Morin, Esq., P.O. Box 778, Severn, MD 21144-0778, (410) 551-4330, and (2) the Internal Revenue Service, 1111 Constitution Ave., NW, Washington, D.C. 20004.

*Michael C. Worsham*

Michael C. Worsham

E: 1099? Re: FW: Eason v. AFNI -- FOR YOUR REVIEW -- Emailing:...

Case 1:12-cv-02504-WDQ   Document 12-1   Filed 08/23/12   Page 6 of 7

Subject: RE: 1099? Re: FW: Eason v. AFNI -- FOR YOUR REVIEW -- Emailing: Eason v AFNI -- Proposed Final Approval Order001
From: "Brian L. Bromberg" <brian.bromberg@gmail.com>
Date: 1/10/2012 1:47 PM
To: <mcw@worshamlaw.com>

No, I believe there's no reportable event for just putting the fees through my IOLA account

From: Michael C. Worsham [mailto: mcw@worshamlaw.com]
Sent: Tuesday, January 10, 2012 1:46 PM
To: brian@bromberglawoffice.com
Subject: 1099? Re: FW: Eason v. AFNI -- FOR YOUR REVIEW -- Emailing: Eason v AFNI -- Proposed Final Approval Order001

Brian,

Do you think you need a 1099 or some other such IRS form from me? I would not think so, since YOU are not paying me anything, but are just a pass through. Please let me know.

```
Michael C. Worsham, Esq.
410-557-6192
1916 Cosner Road
Forest Hill, MD 21050
mcw at worshamlaw.com
No unsolicited email, faxes or calls.
This email does not create an attorney-client relationship.
If this message was not intended for you, please delete it.
"Feed your mind with thoughts that cause it to be peaceful.  To have mind full of peace, merely fill it full of peace.  It's as simple as that."  From a 2009-2010 calendar at Staples.
```

On 1/3/2012 3:56 PM, Brian L. Bromberg wrote:
I will provide it. I just have to get a motion out first.

From: Michael C. Worsham [mailto:mcw@worshamlaw.com]
Sent: Tuesday, January 03, 2012 3:45 PM
To: brian@bromberglawoffice.com
Cc: Brian L. Bromberg
Subject: Re: FW: Eason v. AFNI -- FOR YOUR REVIEW -- Emailing: Eason v AFNI -- Proposed Final Approval Order001

Brian - I called Tray, got his SS#, and called just now and gave it to John Langenderfer. He mentioned he just needs the W-9 form, which I said your office would be providing.

```
Michael C. Worsham, Esq.
410-557-6192
1916 Cosner Road
Forest Hill, MD 21050
mcw at worshamlaw.com
No unsolicited email, faxes or calls.
This email does not create an attorney-client relationship.
If this message was not intended for you, please delete it.
"Feed your mind with thoughts that cause it to be peaceful.  To have mind full of peace, merely fill it full of peace.  It's as simple as that."  From a 2009-2010 calendar at Staples.
```

On 1/3/2012 12:33 PM, Brian L. Bromberg wrote:
Michael,

I'll provide a W-9 for the fees and costs check.

But you need to provide Tray's SSN and home address to John Langenderfer
(see below).

Brian

```
-----Original Message-----
From: John Langenderfer [mailto:JLangenderfer@sdtlawyers.com]
Sent: Tuesday, January 03, 2012 12:32 PM
To: brian@bromberglawoffice.com
Subject: RE: Eason v. AFNI -- FOR YOUR REVIEW -- Emailing: Eason v AFNI --
Proposed Final Approval Order001

Thanks, can you please provide your W-9 and Eason's social security number
and home address.


John P. Langenderfer
Attorney
Surdyk, Dowd & Turner Co., L.P.A.
One Prestige Place, Suite 700
Miamisburg, Ohio 45342
(937) 222-2333
Fax (937) 222-1970



NOTICE:  The information contained in this electronic mail transmission is
intended by Surdyk, Dowd & Turner Co., L.P.A. for the use of the named
individual or entity to which it is directed and may contain information
that is privileged or otherwise confidential.  It is not intended for
transmission to, or receipt by, anyone other than the named addressee (or a
person authorized to deliver it to the named addressee).  If you have
received this electronic mail transmission in error, please delete it from
your system without copying or forwarding it, and notify the sender of the
error or reply email or by calling Surdyk, Dowd & Turner Co., L.P.A. at
(937) 222-2333, so that our address record can be corrected.


-----Original Message-----
From: Brian L. Bromberg [mailto:brian.bromberg@gmail.com]
Sent: Sunday, January 01, 2012 11:04 PM
To: John Langenderfer
Cc: 'Michael C. Worsham'; mike@bromberglawoffice.com; Jeffrey Turner;
lmc@kramerlaw.com
Subject: RE: Eason v. AFNI -- FOR YOUR REVIEW -- Emailing: Eason v AFNI --
Proposed Final Approval Order001

John,

The checks should be written as follows:

The check to Tray Eason should be made payable to "Tray Eason" and sent to
my office. I'll forward it to him.

The check for attorney fees and costs should be made payable to "Brian
Bromberg, as attorney".

Finally, all checks representing funds to be distributed to the class should
be sent directly to First Class, Inc. You should ask First Class how to cut
the checks.

Thanks,

Brian


Brian L. Bromberg (Admitted in NY & CA)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: 212-248-7906
Fax: 212-248-7908
```

CIRCUIT COURT FOR HARFORD COUNTY, MARYLAND

BROMBERG LAW OFFICE, P.C.          *

     Plaintiff                                    *          Case #: 12-C-121420

     v.                                               *

MICHAEL CRAIG WORSHAM, et al.    *

     Defendants                              *
\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### ORDER TO DISTRIBUTE INTERPLEADER FUNDS TO
### DEFENDANT MICHAEL C. WORSHAM, P.C.

The Court, having reviewed the Interpleader Complaint filed by Plaintiff Bromberg Law

Office, P.C. ("Bromberg"), the Answer of Defendants Michael C. Worsham, and Michael C.

Worsham, P.C., and any response or Answer by Defendant Internal Revenue Service, and having

determined that there is no dispute that all of the funds deposited by Plaintiff Bromberg with the

Court are due to Defendant Michael C. Worsham, P.C., and that none are currently demanded by the

IRS, and for good cause shown, **ORDERS** that the Clerk shall issue a check in the amount of

$71,456.61 payable to "Michael C. Worsham, P.C." from the funds deposited with the Court, and

that no costs or fees shall be due to Bromberg from this action, and that after issuing the check, the

Clerk shall close this case.

 

_____

Judge, Circuit Court for Harford County, Maryland

Copies to:

Michael C. Worsham
1916 Cosner Road, Forest Hill, MD 21050-2210

Michael Gregg Morin, Esq.
P.O. Box 778, Severn, MD 21144-0778

Internal Revenue Service
31 Hopkins Plaza, Baltimore, MD 21201