T.C. Memo. 2012-219

UNITED STATES TAX COURT

MICHAEL CRAIG WORSHAM, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 31151-09.                    Filed July 31, 2012.

Michael Craig Worsham, pro se.

<u>Marissa R. Lenius</u>, <u>Elizabeth S. Henn</u>, <u>Peter N. Scharff</u>, and <u>Tyler N.
Orlowski</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  By statutory notice of deficiency, respondent determined a
$6,357[1] deficiency in petitioner's 2006 Federal income tax.  Petitioner failed to

---

[1]All dollar amounts are rounded to the nearest dollar.

SERVED JUL 3 1 2012

- 2 -

file a 2006 Federal tax return.  Respondent also determined a $1,430 addition to

tax under section 6651(a)(1),[2] an $858 addition to tax under section 6651(a)(2),

and a $301 addition to tax under section 6654(a).  In an amendment to the answer

to the petition, respondent asserted that the deficiency in tax was actually $67,298.

In his amendment to answer respondent also asserted a $48,791 fraudulent failure

to file addition to tax under section 6651(f),[3] as well as an increase of the section

6651(a)(2) addition to $16,825 and of the section 6654(a) addition to $3,185.  The

parties later stipulated certain amounts paid to petitioner during 2006,[4] as well as

certain deductions.  Finally, respondent filed a motion to impose sanctions against

petitioner pursuant to section 6673(a)(1).  The issues for our consideration are:

(1) whether petitioner failed to report taxable income of $193,026 for 2006.

We hold that he did;

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Because the sec. 6651(f) fraudulent failure to file addition to tax he now seeks against petitioner, respondent is seeking imposition of the sec. 6651(a)(1) addition to tax only as an alternative should we not hold petitioner liable for the fraudulent failure to file addition.

[4]Petitioner disputes that these amounts constituted taxable income paid to him.

- 3 -

(2) whether petitioner is liable for the section 6651(f) fraudulent failure to file addition to tax for 2006.  We hold that he is;

(3) whether petitioner is liable for the section 6651(a)(2) addition to tax resulting from his failure to pay the tax shown on a substitute for return (SFR) prepared by respondent.  We hold that he is;

(4) whether petitioner is liable for additions to tax for failure to pay estimated taxes under section 6654 for 2006.  We hold that he is; and

(5) whether to impose sanctions under section 6673 on petitioner for presenting frivolous or groundless arguments before the Court.  We shall not.

## FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Maryland.

Petitioner has a bachelor of science in chemistry, a master of science in civil engineering and a juris doctor from the University of Baltimore School of Law. He moved to Maryland in 1993 to work for the U.S. Army Environmental Center at Aberdeen Proving Ground.  Over the next several years he attended law school at night, was sworn in as a member of the Maryland bar in 1998, and left the army in 2001 to start a solo law practice from his home.  Petitioner's practice was not in the area of tax, and he did not take any tax courses in law school.

- 4 -

Petitioner filed a Federal tax return every year from 1989 (when he had just begun graduate school to earn his master of science in civil engineering) through 2004.  On his 2004 Federal tax return petitioner reported $26,294 of adjusted gross income, $8,359 of taxable income, and $7,712 of self-employment income.[5] Petitioner's practice of law became more profitable during 2005.  An accountant suggested petitioner incorporate his business for tax reasons, which he did, incorporating it under the name Michael C. Worsham, P.C. (Worsham, P.C.). During 2006 Worsham, P.C., had a corporate charter in effect in the State of Maryland, elected to be treated as an S corporation, and was wholly owned by petitioner.

Petitioner testified that during 2006 "without looking for it" he discovered information which led him to conclude that he was not required to file Federal tax returns or pay Federal income taxes.  As a result, petitioner has not filed a personal Federal tax return for any year since 2004.[6]  However, petitioner did make a $2,000 estimated tax payment to the U.S. Treasury for the 2005 tax year and also made a payment to the U.S. Treasury of $45,000 in April 2006, in connection with

---

[5]In the five tax years from 2000 to 2004 the highest amount of Federal tax petitioner paid in any one year was $6,185 for 2000.

[6]Petitioner also did not file a Federal tax return on behalf of Worsham, P.C., for tax year 2005 or 2006.

- 5 -

the filing of a Form 4868, Application for Automatic Extension of Time To File

U.S. Individual Income Tax Return, for 2005.  The $45,000 payment was credited

to petitioner's 2005 income tax account.[7]  Petitioner did not make any payments

with respect to his 2006 tax.

In payment for legal services petitioner performed, deposits totaling

$192,410 were made to Worsham, P.C.'s business checking account during 2006.

The parties stipulated that Worsham, P.C., incurred deductible expenses of

$163,772 during 2006, including $118,000 in wages paid to petitioner.  During

2006 petitioner also deposited $57,015 in settlement proceeds into a personal

checking account.  The proceeds were the result of personal lawsuits brought by

petitioner in his own name.  Finally, during 2006 petitioner made mortgage

interest payments of $6,737, real property tax payments totaling $2,761, and

charitable contributions of $840.

Before April 15, 2007, petitioner received three Forms 1099-MISC,

Miscellaneous Income, reporting taxable payments of $20,000, $6,200, and $8,000

paid during 2006 to petitioner, Worsham, P.C., and the "Michael C. Worsham

---

[7]Petitioner testified that for 2005 he paid more in tax than he actually owed.

- 6 -

Trust Account",[8] respectively.  Each of these payments was the result of either

compensation for legal services or settlement of a personal lawsuit (brought in his

own name) and was not part of the amounts earned by petitioner or Worsham,

P.C., previously discussed.  Before April 15, 2007, petitioner also received a Form

1099-INT, Interest Income, prepared by Aberdeen Proving Ground Federal Credit

Union reporting $961 of interest paid to petitioner on a personal account.

Using the information on the Forms 1099-MISC and Form 1099-INT (and

not accounting for any deductions other than the standard deduction and one

personal exemption as petitioner had not yet supplied information regarding home

mortgage interest paid, property taxes paid, and charitable contributions made),

respondent prepared an SFR for petitioner for 2006.  This SFR showed tax due of

$6,357.  Respondent then issued a notice of deficiency to petitioner on September

28, 2009, determining a $6,357 deficiency in tax and the additions to tax described

earlier.

After the petition was filed, respondent issued a subpoena duces tecum to

each of petitioner's banks for statements of account for 2006.  Respondent then

performed  bank deposits analyses for a Worsham, P.C. account at M&T Bank and

petitioner's personal account at Aberdeen Proving Ground Federal Credit Union.

---

[8]No information was provided about this trust or trust account.

- 7 -

As a result of the bank deposits analyses, respondent determined that petitioner's unreported income was substantially in excess of the amount determined in the notice of deficiency. We permitted respondent to amend the answer to assert an increased deficiency and to assert that petitioner is liable for the section 6651(f) fraudulent failure to file addition to tax.

After learning of the subpoenas duces tecum issued to his banks, petitioner filed a motion to dismiss seeking to have his case dismissed without prejudice. Petitioner mailed a letter to M&T Bank in which he stated: "Because I am dismissing this case, the Subpoena issued by the IRS to M&T Bank should no longer be valid, and M&T Bank should not be required to respond by producing copies of my account records." Shortly after he mailed this letter to M&T Bank, we denied petitioner's motion to dismiss.

## OPINION

### I. Burden of Proof

Generally, taxpayers bear the burden of proving, by a preponderance of the evidence, that the determinations of the Commissioner in a notice of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not argued that the burden of proof with respect to the deficiency determined in the notice of deficiency should shift to respondent. However, respondent

- 8 -

concedes that he bears the burden of proof with respect to the increased deficiency asserted in the amendment to answer. See Rule 142(a).  Respondent also bears the burden of proving, by clear and convincing evidence, that the section 6651(f) fraudulent failure to file addition to tax applies.  See sec. 7454(a).  With respect to the additions to tax under sections 6651(a)(1) and (2) and 6654(a) determined in the notice of deficiency, respondent bears the burden of production.  See sec. 7491(c).  With respect to the additions to tax applicable to the increased deficiency asserted in the amendment to answer, respondent concedes he bears the burden of both production and proof.  See sec. 7491(c); Rule 142(a).  As discussed infra, we find that respondent has met any burden of proof (or production as the case may be) he bears with respect to each issue.

II.  Whether Petitioner Failed To Report Taxable Income of $193,026 for 2006

Section 1 imposes a Federal income tax on the taxable income of individuals.  Taxable income is defined as gross income minus any allowed deductions.  Sec. 63.  Gross income is defined as all income from whatever source derived.  Sec. 61(a).  Section 61(a) specifically includes in the definition of income wages and compensation for services, including fees, and interest.  Settlement proceeds are included in the broad definition of income under section

- 9 -

61(a) unless they are damages received on account of personal injuries or sickness.

Sec. 104(a)(2); Commissioner v. Schleier, 515 U.S. 323, 328-329 (1995).

During 2006 petitioner received significant wages, compensation for legal services, settlement proceeds from personal lawsuits, and interest but chose to neither report these amounts nor pay any Federal income tax on them. Petitioner does not dispute that he received the amounts in question; indeed, he stipulated their receipt. Rather, petitioner makes a series of arguments that he owed no Federal taxes on his earnings during 2006.

In his posttrial brief petitioner argues that: (1) "there is no constitutional basis for federal taxes on the ordinary labor of a working American like Petitioner"; (2) "there is no federal statute that * * * establishes federal tax liability for money earned from the ordinary labor of Americans"; and (3) respondent has failed to account for the basis value of a person's labor which "would be valued at near or the same as the value of the gross receipts which that same labor generated". Petitioner has previously raised other issues, including: (1) "Respondent mislead [sic] Petitioner and others into believing that a Form 1040 [U.S. Individual Income Tax Return] was the only acceptable return" and that petitioner should not be liable for additions to tax because "Petitioner has not been given any or reasonable notice of a return or form to be filed other than Form

1040"; (2) "Whether * * * the Fifth Amendment may apply to Petitioner and the

demands made upon Petitioner by Respondent"; (3) issues relating to internal

revenue districts; (4) whether certain withholding actions taken by respondent

were unlawful without an assessment and proper notice; (5) whether the Tax Court

has jurisdiction to determine constitutional issues related to income tax

determination and the statutory basis for the same;[9] (6) "whether a [Tax Court]

Judge can preside over and rule in a case where constitutional issues are

inexorably linked to and required for resolution of that case, given the conflict

between the Court's limited constitutional jurisdiction and that Judge's sworn

requirement as" a member of a State bar association to support and defend the

Constitution; and (7) that Form 1040 violates the Paperwork Reduction Act, 44

U.S.C. §§ 3501-3520.

---

[9]For jurisdictional purposes we note that the Tax Court is a constitutional court with the power to address constitutional issues raised before it.  See Cupp v. Commissioner, 65 T.C. 68, 84 (1975),  aff'd without published opinion, 559 F.2d 1207 (3d Cir. 1977); Hawkins v. Commissioner, T.C. Memo. 2003-181 ("Petitioners contend that only a court established under Article III of the Constitution, rather than a legislative court established under Article I of the Constitution, can adjudicate the [constitutional] issues they have raised. Petitioners' arguments have no merit." (Fn. ref. omitted.); Broughton v. Commissioner, T.C. Memo. 1979-77 ("in many cases involving various claims we have ruled * * * that the income tax is a constitutional tax, that the provisions for a determination of deficiency by respondent are constitutional, [and] that this Court is a constitutional court").

- 11 -

We decline the invitation to address in detail petitioner's numerous

arguments.  Courts confronting frivolous "tax protester"[10] arguments regarding the

Federal income tax often quote <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th

Cir. 1984), which stated:  "We perceive no need to refute these arguments with

somber reasoning and copious citation of precedent".  Addressing frivolous tax-

protester arguments:  (1) wastes the limited resources of the Court; (2) delays the

assessment of tax; and (3) risks dignifying such arguments or suggesting that they

have some colorable merit.  <u>Wnuck v. Commissioner</u>, 136 T.C. 498, 510-513

(2011).  We have also recognized that tax-protester arguments:  (1) are unlimited;

(2) may have little actual importance to those making them; (3) have already been

answered; and (4) are patently frivolous.  <u>Id.</u> at 501-505.  Finally, we have noted

that litigants who press frivolous tax-protester arguments often fail to hear their

refutation.  <u>Id.</u> at 504-505.

Petitioner repeatedly claims his arguments are not frivolous, but we

disagree.  Regarding petitioner's constitutional arguments, courts have previously

stated that "The constitutionality of our income tax system--including the role

played within that system by the Internal Revenue Service and the Tax Court--has

---

[10] "Persons who make frivolous anti-tax arguments have sometimes been
called 'tax protesters'."  <u>Wnuck v. Commissioner</u>, 136 T.C. 498, 502 n. 2 (2011).

- 12 -

long been established." Crain v. Commissioner, 737 F.2d at 1417-1418; see also Powers v. Commissioner, T.C. Memo. 2009-229; DiCarlo v. Commissioner, T.C. Memo. 1992-280.  We therefore hold these constitutional arguments are frivolous.

Petitioner's argument that no Federal statute imposes a tax on a person's ordinary labor relies on selective and misguided readings of multiple statutes. Petitioner's argument that he had a basis in his labor is also frivolous.  Courts have clearly held that the statutory law does impose a tax on payments for a person's ordinary labor and that taxpayers have no basis in their labor supplied.  Howard v. Commissioner, T.C. Memo. 2000-222 (taxpayer claimed that payments for his labor were not income and that he had a basis in his labor equal to the amount of the payment received for it; we stated that "All of these arguments have been consistently rejected by the courts and can be accurately characterized as timeworn protester type rhetoric."); see also Rowlee v. Commissioner, 80 T.C. 1111, 1113, 1119-1121 (1983); Hyslep v. Commissioner, T.C. Memo. 1988-289; Cornell v. Commissioner, T.C. Memo. 1983-370.  We therefore find these arguments are frivolous.

The arguments not already addressed were not argued in petitioner's posttrial brief and were either not well developed or not developed at all.  We will not address them other than to say:  "The short answer to all of petitioner's

- 13 -

arguments is that he is not exempt from Federal income tax." <u>Martin v.</u>
<u>Commissioner</u>, T.C. Memo. 1990-560 (citing <u>Abrams v. Commissioner</u>, 82 T.C.
403, 406-407 (1984)).

One final argument by petitioner relating to the deficiency[11] that we will
fully address relates to the cases respondent cites in his opening brief.  Petitioner
claims that Tax Court opinions filed before September 25, 2005, are not available
through searches on the Tax Court's Web site, and respondent has cited several
such older cases in his brief without providing petitioner with copies of those
cases.  Petitioner argues that "in fairness * * * [we] should not consider arguments
based on these older cases that are not available to Petitioner in a publicly
accessible database."  In support of this argument, petitioner cites rule 32.1(b) of
the Federal Rules of Appellate Procedure, which provides that "If a party cites a
federal judicial opinion * * * that is not available in a publicly accessible
electronic database, the party must file and serve a copy of that opinion * * * with
the brief or other paper in which it is cited."

We disagree with petitioner.  Rule 1(a)(1) of the Federal Rules of Appellate
Procedure  provides that "These rules govern procedure in the United States courts

---

[11]This argument, as well as our response, is also applicable to the other
issues considered in this opinion.

of appeals." The Tax Court is not an appellate court, and the Federal Rules of

Appellate Procedure therefore do not apply to cases disputed herein. In addition,

the Tax Court Rules of Practice and Procedure contain no similar rule regarding

cases not available on a public database.

Having found all of petitioner's arguments to be frivolous or inapplicable,

we find that respondent has proved that petitioner failed to report taxable income

of $193,026 for 2006 and is liable for the Federal tax he failed to pay on that

income.

III.  Whether Petitioner Is Liable for the Section 6651(f) Fraudulent Failure To
      File Addition to Tax for 2006

Section 6651(f) imposes an addition to tax of up to 75%[12] in the case of any

fraudulent failure to file a tax return. Respondent has the burden of proving fraud

by clear and convincing evidence. See sec. 7454(a); Rule 142(b). To satisfy the

burden of proof, respondent must show:  (1) an underpayment of tax exists; and

(2) petitioner intended to evade taxes known to be owing by conduct intended to

conceal, mislead, or otherwise prevent the collection of taxes. Clayton v.

Commissioner, 102 T.C. 632, 646 (1994); see also Sadler v. Commissioner, 113

T.C. 99, 102 (1999); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990).

---

[12]In this case the addition to tax is 75% of the underpayment of tax.

- 15 -

A. Underpayment of Tax

The clear and convincing standard applies not merely to whether an

underpayment is attributable to fraud, but also to whether an underpayment exists.

Parks v. Commissioner, 94 T.C. at 660-661; Di Rocco v. Commissioner, T.C.

Memo. 2009-300. Considering the facts and law discussed hereinabove, we find

that respondent has proven by clear and convincing evidence that an

underpayment of tax exists for 2006.

B. Fraudulent Intent

The Commissioner must prove by clear and convincing evidence that a

portion of the underpayment for each taxable year in issue was due to fraud. See

Prof'l Servs. v. Commissioner, 79 T.C. 888, 930 (1982). The existence of fraud is

a question of fact to be resolved upon consideration of the entire record. King's

Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 516 (1992). The

taxpayer's entire course of conduct may establish the requisite fraudulent intent.

Stone v. Commissioner, 56 T.C. 213, 223-224 (1971). Because direct proof of a

taxpayer's intent is rarely available, fraud may be proved by circumstantial

evidence and reasonably inferred from the facts. Spies v. United States, 317 U.S.

492, 499 (1943); Niedringhaus v. Commissioner, 99 T.C. 202, 210 (1992); Rowlee

v. Commissioner, 80 T.C. at 1123.

- 16 -

Petitioner has argued that although he failed to file his 2006 tax return, his

failure to file was not fraudulent because he had a good-faith belief that he was not

required to pay Federal tax on the amounts he earned.  Petitioner's argument is

similar to the argument made by the taxpayer in Rowlee v. Commissioner, 80 T.C.

at 1123-1124.  In that case we found that the taxpayer's failure to file was

fraudulent, stating:

> Failure to file tax returns, without more, is not proof of fraud;
> such omission may be consistent with a state of mind other than the
> intention and expectation of defeating the payment of taxes.  * * *
> Failure to file, however, may be considered in connection with other
> facts in determining whether any deficiency or underpayment of tax is
> due to fraud.  * * *  Here, there is no question that * * * [taxpayer's]
> purpose was to avoid, and not merely to postpone, the payment of
> taxes that he claims he was not obligated to pay.  On the basis of the
> entire record, the failure to file must be viewed as conduct intended to
> conceal * * * [taxpayer's] noncompliance with the law.  The burden
> on respondent to both locate and assess a delinquent taxpayer is, in a
> sense, greater than the verification of items reported on a return that
> has been filed but may be false.  And, as stated in Helvering v.
> Mitchell, * * * [303 U.S. 391, 401 (1938)], it is that necessity for
> which the Government is to be compensated by the addition to tax.
>
> [Taxpayer] contends that he could not have intended to conceal
> his conduct because of his attempts to confront various agents of
> respondent.  But those attempts * * * occurred long after the time for
> filing his returns had passed.  * * * [Taxpayer] cannot disregard the
> laws that have been passed by Congress and upheld by the courts; fail
> to perform an affirmative duty imposed upon him by those laws;
> proclaim, only when he has been discovered, that those laws are
> inconsistent with his or another's philosophy; and then expect to

- 17 -

avoid the consequences of his avowedly freely exercised
disobedience. [Citations and fn. refs. omitted.]

Certain indicia, commonly known as badges of fraud, constitute

circumstantial evidence which may give rise to a finding of fraudulent intent.

Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), aff'g T.C. Memo.

1984-601. "Although no single factor is necessarily sufficient to establish fraud,

the existence of several indicia is persuasive circumstantial evidence of fraud."

Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989). As discussed below, several

badges of fraud are applicable in this case.

Failure to file a tax return is a badge of fraud and "An extended pattern of

failing to file income tax returns * * * may be persuasive circumstantial evidence

of fraud." DeVries v. Commissioner, T.C. Memo. 2011-185 (citing Marsellus v.

Commissioner, 544 F.2d 883, 885 (5th Cir. 1977), aff'g T.C. Memo. 1975-368));

see also Bradford v. Commissioner, 796 F.2d at 307. In addition, when failure to

file is viewed in the light of the previous filing of tax returns for prior years, the

nonfiling "weighs heavily against" the taxpayer because it demonstrates the

taxpayer's awareness of the filing requirement. Castillo v. Commissioner, 84 T.C.

405, 409 (1985). Petitioner filed a Federal tax return every year from 1989

through 2004 but has not filed a tax return since. We find that petitioner's pattern

- 18 -

of failing to file tax returns after 2004 is persuasive evidence of fraud, especially when viewed in the light of his prior tax return filings and failure to make estimated tax payments. See Niedringhaus v. Commissioner, 99 T.C. at 213 ("We find that petitioner's failure to file returns, combined with his failure to make estimated tax payments, was a deliberate attempt to conceal his correct tax liability and to frustrate its collection.") (citing Miller v. Commissioner, 94 T.C. 316, 337 (1990)).

Petitioner argues that he stopped filing tax returns only upon discovering information in 2006 which led him to conclude that he was not required to file tax returns or pay taxes. We believe it more likely that petitioner stopped filing tax returns because of his larger tax burden resulting from the increasing profitability of his law practice.

Petitioner also argues that the years 1993 through 2001 are irrelevant because he was required to file returns and pay Federal income tax for those years as a Federal employee in the army. We have previously noted that the theory that only Federal employees are subject to Federal income tax "is a common, frivolous, tax-protester argument" of no merit. Hamilton v. Commissioner, T.C. Memo. 2009-271 (fn. ref. omitted).

- 19 -

While tax-protester arguments may not be evidence of fraud by themselves, they may be indicative of fraud if made in conjunction with affirmative acts designed to evade Federal income tax.  DeVries v. Commissioner, T.C. Memo. 2011-185 (citing Kotmair v. Commissioner, 86 T.C. 1253, 1260-1261 (1986)).  In the instant case petitioner has raised a multitude of frivolous, tax-protester arguments in conjunction with the failure to file a tax return or make estimated tax payments.  Petitioner has also engaged in affirmative acts (relating to the subpoenas duces tecum) designed to evade Federal income taxes, as described infra.  We therefore find petitioner's tax-protester arguments are indicative of fraud.

A taxpayer's education, training, business experience, and knowledge of income tax laws are relevant in deciding whether a taxpayer committed fraud. Drobny v. Commissioner, 86 T.C. 1326, 1349 (1986); Harker v. Commissioner, T.C. Memo. 1994-583, aff'd, 82 F.3d 806 (8th Cir. 1996).  Petitioner is a highly intelligent individual with graduate degrees in both engineering and law.  He is an accomplished businessman and attorney, having formed his own successful law practice which he incorporated as an S corporation for tax reasons after an accountant suggested doing so.  Although he does not practice in the area of tax, nor did he take any tax courses in law school, petitioner has the intelligence and

ability to recognize the frivolous, incorrect, and completely discredited nature of the arguments he has made in support of his failure to pay Federal taxes or file a Federal tax return.  We find these facts are further evidence of fraud.

In addition to the previously described facts, we also note that after learning of the subpoenas duces tecum issued to his banks petitioner filed a motion to dismiss, seeking to have his case dismissed without prejudice.  After filing the motion to dismiss, petitioner mailed a letter to one bank in which he stated: "Because I am dismissing this case, the Subpoena issued by the IRS to M&T Bank should no longer be valid, and M&T Bank should not be required to respond by producing copies of my account records."  Essentially, once petitioner knew respondent was about to discover the true amount of income he received during 2006 he sought to avoid the consequences by paying only the smaller deficiency and additions to tax originally determined by respondent.  We believe these facts are evidence that petitioner was more concerned with trying to conceal the true amount of income he received than with presenting good-faith (but misguided) arguments regarding his Federal tax liability and duty to file a Federal tax return.

Considering the evidence, we find respondent has proved by clear and convincing evidence that the underpayment for 2006 was due to fraud.  As we have previously found, respondent has proved that an underpayment of tax existed

- 21 -

for 2006.  Petitioner is therefore subject to the section 6651(f) fraudulent failure to file addition to tax for 2006.

IV.  <u>Whether Petitioner Is Liable for the Section 6651(a)(2) Addition to Tax for 2006</u>

Section 6651(a)(2) imposes an addition to tax for any failure to pay the tax shown on a return on or before the date prescribed for payment.  The addition is equal to 0.5% of the amount shown as tax on the return for each month, or fraction thereof, during which the failure to pay continues, up to a maximum of 25%.  Sec. 6651(a)(2).  The addition will not apply if it is shown that the failure to pay timely was due to reasonable cause and not due to willful neglect.  <u>Id.</u>  A failure to pay is due to reasonable cause if the taxpayer "exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship * * * if he paid on the due date."  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; <u>see also</u> <u>Ruggeri v. Commissioner</u>, T.C. Memo. 2008-300.  Willful neglect contemplates "a conscious, intentional failure or reckless indifference."  <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).

Under section 6020(b)(1), when a taxpayer fails to make any return required by law, the Commissioner "shall make such return from his own knowledge and

from such information as he can obtain through testimony or otherwise." Under

section 6651(g)(2), any return so prepared by the Commissioner shall be treated as

the taxpayer's return for purposes of section 6651(a)(2).  Respondent prepared

such a return in this case which showed that petitioner owed $6,357 in tax before

the addition of interest and additions to tax.[13]

Petitioner has not paid any portion of the amount reported due on the return

respondent prepared.   Petitioner did not demonstrate reasonable cause for failing

to pay.  Rather, petitioner intentionally chose not to file and pay tax for 2006,

making a variety of frivolous tax-protester arguments.  Frivolous positions do not

constitute reasonable cause for failure to timely pay tax due.  McGowan v.

Commissioner, T.C. Memo. 2006-154 ("Misguided interpretations of the

Constitution or other typical tax protester arguments are not reasonable cause.").

As a result, we find that petitioner failed to timely pay the tax shown due on the

section 6020 return without reasonable cause and is liable for the addition to tax

under section 6651(a)(2).

---

[13]Respondent concedes that the sec. 6651(a)(2) addition to tax is not
applicable to the increase in the deficiency later asserted because that increase was
never shown on a tax return prepared by or for petitioner.

V. <u>Whether Petitioner Is Liable for the Addition to Tax for Failure To Pay Estimated Tax Under Section 6654 for 2006</u>

Respondent determined an addition to his calculation of tax liability for 2006 for failure to pay estimated tax.  Section 6654(d)(1)(B) provides that a taxpayer's required annual payment is limited to the lesser of 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for such year), or 100% of the tax shown on the return of the individual for the preceding taxable year.[14]  Petitioner did not address this issue but has argued that he had no tax liability for 2006.  We have already found that petitioner was liable for tax for 2006.  Therefore, petitioner is liable for the section 6654 addition to tax.  The amount of the addition shall be determined by the parties in their Rule 155 calculations in accordance with the other holdings herein.

VI. <u>Section 6673 Sanctions</u>

Respondent filed a motion requesting that the Court impose sanctions against petitioner pursuant to section 6673(a)(1).  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted

---

[14]Petitioner did not file a 2005 Federal tax return.

or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

Petitioner has taken a multitude of frivolous and groundless positions characteristic of tax protesters. However, considering the facts of this case,[15] we decline to impose sanctions against petitioner, although we strongly warn petitioner that making such arguments before this Court in the future will likely result in the imposition of sanctions against him.

VII. Conclusion

We find petitioner failed to report taxable income of $193,026 for 2006 and is liable for the related deficiency. Further, we find petitioner liable for an addition to tax under section 6651(f), as well as additions to tax under sections 6651(a)(2) and 6654. However, we choose not to impose sanctions against petitioner under section 6673.

---

[15]We note that this is the first time petitioner has made such frivolous arguments before this Court.

- 25 -

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered under Rule 155.</u>