UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

BROMBERG LAW OFFICE, P.C.         *

    Plaintiff                                       *          Case #: 12-cv-02504-WDQ

    v.                                                   *

MICHAEL CRAIG WORSHAM, et al.     *

    Defendants                                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANTS' MOTION TO REMAND

Defendants Michael C. Worsham, and Michael C. Worsham, P.C. (MCWPC), move to remand this case to the Harford County Circuit Court where it originated for lack of jurisdiction.

Defendant IRS asserted in its Notice of Removal (ECF #1) that the removal basis was 28 U.S.C. § 1331[1], federal question jurisdiction.  However federal subject matter jurisdiction is not clearly present, as there is no current IRS claim, or case or controversy as required within the meaning of the U.S. Constitution, and the burden is on the removing party to demonstrate jurisdiction.  Further, this Court already declined to rule on the dispute which Plaintiff Bromberg Law Office, P.C. ("Bromberg") created with the Worsham Defendants, and which dispute does not directly and currently involve the IRS.

## ARGUMENT

On May 25, 2012 Plaintiff Bromberg filed an interpleader action in Harford County Circuit Court[2] regarding fees and costs due to MCWPC for legal work done and costs advanced in a successful class action suit filed in this Court, *Eason v. AFNI*, Case # 08-cv-128-JKS (D. Md.). Bromberg acknowledges that $71,456.61, including $68,449.41 in attorneys fees and $3,007.20 in

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

[2] The Worsham Defendants were served on May 26, 2012, 88 days before removal.

costs advanced by MCWPC, are due to MCWPC from the Final Amended Approval Order of Judgment (ECF #2-3) from the *Eason* settlement. Bromberg asserts the funds could not be paid to MCWPC or to an IOLTA trust account of Worsham's, because Bromberg asserts that Worsham was prevented from depositing the funds to his IOLTA account by Maryland's ethics rules. However, this is a question of state law, not federal law, and does not provide federal question jurisdiction.

The other hold up Bromberg has created for distributing the funds to either MCWPC or Worsham's IOLTA trust account, is that Bromberg's IOLTA account and associated checks violate the N.Y. ethics rules for such IOLTA accounts. Bromberg acknowledged his firm's IOLTA defect in Bromberg's lengthy Opposition (*see* ECF #8 at page 12 of 17) to Worsham's Motion to Dismiss that was filed in the Harford County Circuit Court prior to removal. Again, the N.Y. ethics rules are an issue of state law, not federal law. Moving Defendants do not know if Bromberg has finally corrected the deficiency in the Bromberg IOLTA account.

Removing Defendant IRS only asserts in the Notice of Removal (ECF #1) that "the United States has an interest" in the funds that Bromberg owes to MCWPC. The IRS does not assert an current and direct <u>claim</u> to any of the funds. Article III of the U.S. Constitution requires a case or controversy for federal court standing and subject matter jurisdiction. The vague and generic 'interest' asserted by the IRS is not enough to meet the Art. III standard for a case or controversy to establish federal court subject matter jurisdiction. *Muskrat v. United States*, 219 U.S. 346, 31 S. Ct. 250, 55 L. Ed. 246 (1911). The IRS undoubtedly has a vague 'interest' in any funds, but something more concrete is required.

Removal is governed by 28 U.S.C. § 1441, the federal removal statute. This law requires for removal "a claim arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c)(1)(A). Again, a 'claim' and not just a vague 'interest' is required. It is not evident on the face of the Notice of removal what 'claim' arising under the U.S. Constitution or laws

2

that the IRS could have in a routine lawsuit settlement during the middle of a calendar year. As the remover, and potential plaintiff designee in what is currently styled as an interpleader action, the IRS has the burden of demonstrating this Court has subject matter jurisdiction.

### This Court previously declined to rule in *Eason v. AFNI*

In the *Eason* suit, Worsham filed a Motion to Enforce Judgment to try to obtain an order from this Court for Bromberg to pay the funds to Worsham. Bromberg opposed the Motion, and filed his own Motion to deposit the funds into this Court.

On April 17, 2012, a telephone hearing was held, during which the Judge stated an opinion, without elaborating, that this Court could not grant either relief sought. The same day, that Judge and this Court denied both Worsham's and Bromberg's Motions in a paperless Order (*Eason* ECF #160). A copy of the *Eason* ECF notice #160 comprising that paperless Order is attached as an Exhibit herein. Bromberg and the IRS together have now brought the same matter back to this same Court, which has previously declined to resolve the matter.

WHEREFORE the Court should grant this Motion and remand this case back to the Harford County Circuit Court.

Respectfully submitted,

/s/ *Michael C. Worsham*
For Michael C. Worsham
and Michael C. Worsham, P.C.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192, Fax: (410) 510-1870
mcw @ worshamlaw.com
Federal Bar #25923

### CERTIFICATE OF SERVICE

On September 2, 2012 a copy of this document was filed via the Court's ECF system.

/s/
Michael C. Worsham