IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BROMBERG LAW OFFICE, P.C., ) | |
| ) | Case No. 1:12-cv-02504-WDQ |
| Plaintiff, ) | |
| ) | Removal of Case No. 12-C-12-1420 |
| v. ) | from the Circuit Court for |
| ) | Harford County, Maryland |
| MICHAEL CRAIG WORSHAM, ) | |
| MICHAEL C. WORSHAM, P.C., and ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF**
**UNITED STATES' MOTION TO DISMISS**

The United States of America, whose agency, the Internal Revenue Service, has been named as a defendant in this matter, through undersigned counsel and pursuant to L. Civ. Rule 105.1, submits this memorandum in support of its motion to dismiss.

**PROCEDURAL HISTORY**

Plaintiff commenced this action with the filing of a complaint for interpleader in the Circuit Court for Harford County, Maryland on May 25, 2012.  On August 22, 2012, the United States removed the action to this Court.

**ARGUMENT**

I.  THE COURT LACKS PERSONAL JURISDICTION.

Under Fed. R. Civ. P. 4, service upon an agency of the United States is accomplished by sending a copy of the summons and complaint to the agency and by serving the United States.  Fed. R. Civ. P. 4(i)(2).   The United States is served when the motion is mailed to the United States Attorney for the district in which the action is

brought and to the Attorney General of the United States at Washington, D.C.  Fed. R. Civ. P. (4)(i)(1).

Here, plaintiff apparently obtained one summons, and served it on the Internal Revenue Service's national office at Washington, D.C.  Plaintiff, however, did not serve the United States Attorney for the District of Maryland or the Attorney General of the United States.  The Court therefore lacks personal jurisdiction.[1]

## II.  THE COURT LACKS JURISDICTION AS THERE HAS BEEN NO WAIVER OF SOVEREIGN IMMUNITY.

As the sovereign, the United States cannot be sued without its express consent.  *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Shaw*, 309 U.S. 495, 500-01 (1940).  Once sovereign immunity has been waived, the suit must comply exactly with the terms of the statute.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980), *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Eastern Associated Coal Corp. v. Director, Office of Workers' Compensation Programs*, 791 F.2d 1129, 1131 (4th Cir. 1986); *Carelli v. IRS*, 668 F.2d 902, 904 (6th Cir. 1982); *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981), *cert. denied*, 454 U.S. 1083 (1981).  Any waiver of sovereign immunity must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires.  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).

---

[1]/  The rules allow a plaintiff an opportunity to cure improper service upon the United States.  Fed. R. Civ. P. 4(i)(4).  Such an opportunity is not necessary here since, as discussed below, the Court lacks subject matter jurisdiction.

Initially, it should be noted that the Internal Revenue Service is an agency of the United States and is not authorized to be sued *eo nominee*. The United States could be substituted as the appropriate party defendant, but plaintiff has alleged no basis upon which this Court or the Circuit Court for Harford County would have jurisdiction over the United States. While there is a waiver of sovereign immunity for actions affecting property on which the United States has a lien, including complaints for interpleader or in the nature of interpleader, 28 U.S.C. § 2410(a), plaintiff does not allege that the United States has asserted a lien or any other claim against the funds at issue. It cannot allege these things because the United States has not asserted a claim against the funds. And, because it has not asserted a claim, the United States cannot be a party to this interpleader action under Maryland law. Md. Rule 2-221(a); *Faulkner v. American Casualty Co. of Reading, Pa.*, 584 A.2d 734, 747-8 (Md. Ct. Spec. App. 1991). Plaintiff has not cited any other Federal statute which would constitute a waiver of sovereign immunity. The Internal Revenue Service, therefore, should be dismissed as a party to this action.

If the Internal Revenue Service is dismissed as a party to this action, as it should be, there is no independent basis for Federal jurisdiction, and this case should be remanded to the Circuit Court for Harford County.

## CONCLUSION

The Internal Revenue Service is not a proper party defendant to his action, has not been served properly, and has not asserted a claim against the funds at issue. In light of these facts, the Internal Revenue Service should be dismissed as a party defendant, and this case remanded to the Circuit Court for Harford County.

Dated:       September 18, 2012.

Respectfully submitted,

KATHLEEN KENEALLY
Assistant Attorney General


 /s/ Gerald A. Role
GERALD A. ROLE, #04674
Trial Attorney
Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Telephone:  (202) 307-0461
Fax:  (202) 514-6866
Email: gerald.a.role@usdoj.gov

OF COUNSEL:

ROD J. ROSENSTEIN
United States Attorney